OPINION OF THE COURT
George M. Heymann, J.
Petitioner commenced this holdover proceeding on the grounds that the respondent is a licensee in the subject premises. The respondent has moved for vacatur of the default judgment and for dismissal of the petition alleging that it is *966 defective for failure to set forth the cause and basis to evict the respondent.
The petitioner is a not-for-profit housing development fund corporation (HDFC) organized pursuant to General Business Law § 352-eeee and Private Housing Finance Law article 11.
The respondent claims to be the grandson of Jerry McDowell, deceased, who never purchased his apartment when the subject building was converted to cooperative apartments, and remained a month-to-month tenant until his demise. The respondent states that he lived with his grandfather for a period of 30 years and that the petitioner cannot evict him without cause, relying on the case of 512 E. 11th St. HDFC v Grimmet (181 AD2d 488 [1st Dept 1992]).
At the outset, it is clear that the protection of rent stabilization is inapplicable in cooperative conversions such as this, and the Appellate Division clearly stated this in the Grimmet decision (supra). Therefore, the respondent did not automatically step into the shoes of his grandfather upon his death to become the tenant of record, nor is the petitioner required to recognize him as such. The basis for the dismissal of the petition in the Grimmet case was a finding that the government was sufficiently "entwined” with the subject HDFC to trigger constitutional due process protections requiring notice of the reasons for an eviction (512 E. 11th St. HDFC v Grimmet, supra, at 489). As a result, the Court determined that the petitioner could not evict the month-to-month tenant without stating a cause other than the mere expiration of his lease.
According to a printed outline describing Housing Development Fund Corporation Cooperatives, distributed by the Department of Housing Preservation and Development, Office of Housing Management and Sales, Division of Alternative Management Programs, "HDFC Cooperatives are privately owned. — Not owned, managed or supervised by New York City or the Department of Housing Preservation & Development.— HPD authority limited to approval of the dissolution of the HDFC & approval of amendments to its Certificate of Incorporation.”
Even if the respondent can prove that the government is sufficiently "entwined” with the petitioner HDFC, it is the opinion of this court that Grimmet (supra) is not dispositive of the instant proceeding. As the respondent herein is not, and cannot be, the tenant of record he is not in the same position of Mr. Grimmet and need not be afforded the same due process protection applied in that case.
*967 In Gordon v Mellinger (NYLJ, Mar. 18, 1994, at 21, col 1 [App Term, 1st Dept]) the building premises had been converted to cooperative ownership in 1981 pursuant to an eviction plan (General Business Law § 352-eeee [1] [c]). At that time, the tenant of record elected not to purchase her apartment and remained in her apartment with her daughter until her death in 1990. Because the tenant of record was an "eligible senior citizen” under the statute, the petitioner could not seek to evict her. Upon her death, however, a holdover proceeding was commenced against her daughter. The Civil Court dismissed the petition on the grounds that the daughter could succeed her mother as the tenant of record. The Appellate Term reversed, holding that there is no provision for succession of additional family members once an eligible senior citizen (or spouse) has permanently vacated. Following the reasoning of this, decision, there is no basis to conclude that the respondent Haney is entitled to any greater status than the daughter of Mrs. Mellinger.
Therefore, since respondent is not a tenant of record the petitioner can proceed to evict him as a licensee. To require the petitioner to prosecute this action for cause, such as nuisance, would be applying the reasoning in Grimmet (supra) beyond the scope for which it was intended.
Accordingly, the motion to dismiss is denied. In addition, the motion to vacate the default judgment is denied as the only basis for the excusable default was that the respondent was "confused” about the date he was to appear in court.